IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SHIRLENE CRAIN, | ) Case No. |
| | ) |
| Plaintiff, | ) PLAINTIFF'S COMPLAINT AND |
| | ) DEMAND FOR JURY TRIAL |
| – vs – | ) |
| | ) |
| GC SERVICES, LP, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT

NOW COMES Plaintiff, SHIRLENE CRAIN ("Plaintiff"), through her attorneys, hereby alleges the following against Defendant, GC SERVICES, LP ("Defendant"):

### Nature of the Action

1. This action is brought by Plaintiff pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code § 392.001 *et seq.*

### Parties

2. Plaintiff is a natural person residing in New Mexico and is otherwise *sui juris*.

3. Plaintiff is allegedly obligated to pay a debt and is a consumer as defined by 15 U.S.C. § 1692a(3).

4. Defendant is a Texas Corporation conducting business in the State of Texas and has its principal place of business in Houston, Texas.

5. Defendant is a debt collector as defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

6. Defendant acted though its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## Jurisdiction and Venue

7. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

8. Supplemental jurisdiction over the TDCA arises pursuant to 28 U.S.C. § 1367.

9. Because Defendant is headquartered and conducts business in Texas, personal jurisdiction is established.

10. Venue is proper in the United States District Court Southern District of Texas pursuant to 28 U.S.C § 1391(b)(2) because Defendant has its principal place of business within this District and a substantial part of the events or omissions giving rise to the herein claims occurred within this District.

## Factual Allegations

11. On or around January 8, 2020, Defendant placed a collection call to Plaintiff seeking and demanding payment for an alleged debt.

12. The alleged debt arises from transactions for personal, family, and household purposes.

13. In connection with its attempts to collect the alleged debt, Defendant placed collection calls to Plaintiff at telephone number (385) XXX-6589.

14. On or around January 8, 2020, Defendant placed a collection call to Plaintiff and left a message on Plaintiff's answering machine.

15. In the message, Defendant failed to identify itself as GC Services.

16. In the message, Defendant failed to identify itself as a debt collector.

-2-
PLAINTIFF'S COMPLAINT

17. In the message, Defendant instructed Plaintiff to call it back by dialing telephone number (314) 851-4649.

18. Telephone number (314) 851-4649 is assigned to Defendant.

19. Defendant's message was harassing, oppressive, and abusive as it was left for as it failed to meaningfully disclose its identity.

20. Defendant withheld its true identity and purpose of its call to deceive and/or mislead Plaintiff.

### FIRST CAUSE OF ACTION
### DEFENDANT VIOLATED THE FDCPA *15 U.S.C. § 1692 et seq*.

21. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-20.

22. Defendant's violations of the FDCPA include, but are not limited to, the following:
    a. Defendant violated § 1692d of the FDCPA by engaging in conduct of which the natural result is the abuse and harassment of the Plaintiff;
    b. Defendant violated § 1692d(6) of the FDCPA by failing to meaningfully disclose its identity;
    c. Defendant violated § 1692e of the FDCPA by any other false, deceptive, or misleading representation or means in connection with the debt collection; and
    d. Defendant violated § 1692e(11) of the FDCPA by failing to contain the warning: This is an attempt to collect a debt… communication is from a debt collector.

### SECOND CAUSE OF ACTION
### DEFENDANT VIOLATED THE TDCA § 392.001 *et seq*.

23. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-20.

24. Defendant's violations of the TFDCPA include, but are not limited to, the following:
    a. Defendant violated § 392.304(a)(5)(B) of the TDCA by failing to disclose it was a

   debt collector; and

b. Defendant violated § 392.304(a)(19) of the TDCA by using deceptive means in connection with the debt collection.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for the following:

### FIRST CAUSE OF ACTION

25. Statutory damages of $1000.00 pursuant to 15 U.S.C. § 1692k;

26. Reasonable attorneys' fees, costs pursuant to 15 U.S.C. § 1692k; and

27. Awarding such other and further relief as may be just, proper and equitable.

### SECOND CAUSE OF ACTION

28. Actual damages pursuant to Tex. Fin. Code § 392.403(a)(2); and

29. Reasonable attorney's fees, costs pursuant to § 392.403(b).

## **JURY TRIAL DEMAND**

30. Plaintiff demands a jury trial on all issues so triable.

Dated:  April 15, 2020

                                    RESPECTFULLY SUBMITTED,

                                    By: /s/ Adam T. Hill
                                    Adam T. Hill
                                    The Law Office of Jeffrey Lohman, P.C.
                                    28544 Old Town Front St., Ste. 201
                                    Temecula, CA 92590
                                    Tel. (657) 236-3525
                                    F: (602) 857-8207
                                    E: AdamH@jlohman.com
                                    Attorney for Plaintiff, Shirlene Crain